# -UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| **KEONTE RASHAAD SADLER,**<br><br>Petitioner,<br><br>v.<br><br>**HEIDI WASHINGTON,**<br><br>Respondent. | Case No. 2:22-cv-11521<br><br>HON. TERRENCE G. BERG<br><br>**ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTION TO STAY COURT SENTENCE (ECF NO. 2)** |

On July 6, 2022, Petitioner Keonte Rashaad Sadler filed through counsel an application for the writ of habeas corpus under 28 U.S.C. § 2254. He is challenging his jury trial convictions in the Genesee County Circuit Court for voluntary manslaughter, Mich. Comp. Laws § 750.321; being a felon in possession of a firearm, Mich. Comp. Laws § 750.224f; and two counts of possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. The Michigan Court of Appeals affirmed Petitioner's convictions, but remanded his case for resentencing. *People v. Sadler*, No. 348659, 2020 WL 6937066, at *1 (Mich. Ct. App. Nov. 24, 2020), *appeal denied*, 966 N.W.2d 360 (Mich. 2021).

Also before the court is Petitioner's motion to stay his state court sentence pending the resolution of his habeas petition. ECF No. 2. Petitioner argues that a stay is appropriate because "upon resentencing Petitioner would be sentenced to a term less than the amount of time he has already served in custody or sentenced to a minimum sentence that would make him eligible for parole before the conclusion of the *Habeas* proceeding in this court." *Id.* at PageID.9. He notes that he "is also requesting a stay of the proceedings in the state court." *Id.*

## Background

Petitioner's custody status is unclear, as the petition reports that he is "currently domiciled in the State of Michigan at the Ingham/Lansing/Central office." ECF No. 1, PageID.2. This information corresponds with his current status as reported in the Michigan Offender Tracking Information System.[1]

---

[1] Michigan Offender Tracking Information System (OTIS) of which this Court is permitted to take judicial notice, *see Ward v. Wolfenbarger*, 323 F.Supp.2d 818, 821, n. 3 (E.D. Mich. 2004), reports Petitioner's "Assigned Location" as the same Ingham/Lansing/Central Office. Petitioner's "Current Status" in OTIS, which reports whether an individual is a prisoner, parolee, probationer, or has been discharged from the supervision of the Michigan Department of Corrections, *see* "About OTIS," https://mdocweb.state.mi.us/otis2/aboutotis2.aspx, has been left blank.

The status of Petitioner's resentencing is equally uncertain. Online records from Petitioner's case in Genesee County Circuit Court, No. 2015-15037634-FC, suggest that the state trial court held a sentencing hearing on August 30, 2022 but provide no further details.[2] This Court is also uncertain of the status of Petitioner's request to stay state-court proceedings, which Petitioner asserts he has initiated. ECF No. 2, PageID.9.

## Discussion

Federal habeas courts do possess the authority to stay state proceedings:

> (1) Pending matters.--A justice or judge of the United States before whom a habeas corpus proceeding is pending, may, before final judgment or after final judgment of discharge, or pending appeal, stay any proceeding against the person detained in any State court or by or under the authority of any State for any matter involved in the habeas corpus proceeding.

28 U.S.C. § 2251(a)(1).

---

[2] "[I]t is well-settled that federal courts may take judicial notice of proceedings in other courts of record." *United States v. Mont*, 723 F. App'x 325, 327 n.3 (6th Cir.), *cert. granted*, 139 S. Ct. 451 (2018), *and aff'd on other grounds*, 139 S. Ct. 1826 (2019) (citation omitted).

3

However, "[s]ection 2251 does not mandate the entry of a stay, but dedicates the exercise of stay jurisdiction to the sound discretion of a federal court." *McFarland v. Scott*, 512 U.S. 849, 858 (1994). Further, "a stay of execution is an equitable remedy. It is not available as a matter of right, and equity must be sensitive to the State's strong interest in enforcing its criminal judgments without undue interference from the federal courts." *Hill v. McDonough*, 547 U.S. 573, 584 (2006) (citing *Nelson v. Campbell*, 541 U.S. 637, 649-50 (2004)).

Whether to grant a stay pursuant to section 2251 requires the court assess the following criteria: 1), the likelihood of success on the merits; 2), the likelihood of irreparable harm unless the stay is granted; 3), whether the stay causes substantial harm to others; and 4), whether the stay serves the public interest. *Bedford v. Bobby*, 645 F.3d 372, 375 (6th Cir. 2011) (citing *Workman v. Bell*, 484 F.3d 837, 839 (6th Cir. 2007)). "[A] claimant must show a 'significant possibility of success on the merits' in order to obtain a stay." *Workman*, 484 F.3d at 839 (citing *Hill*, 547 U.S. 573). Petitioner argues that all four criteria militate in favor of the stay. The Court disagrees.

4

First, Petitioner raises several theories of ineffective assistance of counsel in his petition. ECF No. 1, PageID.3-4. However, he relies on a single theory to argue he is likely to succeed on the merits: Because trial counsel failed to object to the court's dismissal of two members of the jury pool while counsel and Petitioner were absent from the courtroom, he was deprived of counsel during a critical stage of trial in violation of *United States v. Cronic*, 466 U.S. 648 (1984).

*Cronic* held that the "complete denial of counsel" or the absence of counsel during a "critical stage of . . . trial" results in "circumstances that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified." 466 U.S. at 658-59. *Cronic* cited other circumstances that presented such a "constitutional error of the first magnitude [that] no amount of showing of want of prejudice would cure it." *Id.* at 659 (quoting *Davis v. Alaska*, 415 U.S. 308, 318 (1974)). These include an attorney's "fail[ure] to subject the prosecution's case to meaningful adversarial testing"; or the presence of impediments "of that magnitude" that would prevent "even a fully competent [lawyer]" from "provid[ing] effective assistance." *Id.* at 659-660 (citing *Davis*, *supra*; *Powell v. Alabama*, 287 U.S. 45 (1932)).

5

Granted, jury selection is a critical stage of a trial. *Gomez v. United States*, 490 U.S. 858, 873 (1989) (citing *Lewis v. United States*, 146 U.S. 370, 374 (1892)). However, Petitioner and his attorney were not absent for all of jury selection, but only for the discharge for cause of two members of the jury pool.[3] Petitioner does not argue that his attorney was otherwise absent from jury selection. This error by the trial court, and counsel's failure to object to it, does not present a "constitutional error of the first magnitude" as envisioned by *Cronic*.

Petitioner also relies on *Ramonez v. Berghuis*, 490 F.3d 482, 491 (6th Cir. 2007), for the premise that a single juror can change a verdict or cause a hung jury. *Id.* (citing *Wiggins v. Smith*, 529 U.S. 510, 537

---

[3] Petitioner's motion includes the following transcript excerpts describing the circumstances of the excused prospective jurors:

> THE COURT: who broke down this morning and trembled and shook and shake and said she's been raped, she can't do this. . . .
>
> And the other one is Juan Rodriguez whose wife is in intensive care at Henry Ford Hospital, and she may be dying. . . .
>
> So, I've excused those two.

Mot., ECF No. 2, PageID.14.

6

(2003)). However, *Ramonez* was discussing the impact on the jury of testimony from potential witnesses who were not called to testify at trial due to ineffective assistance of counsel. *Id. Ramonez* does not stand for the premise that the presence or absence of a particular member of the venire can influence the course of trial. Petitioner has not met *Workman*'s requirement that he demonstrate a "significant possibility of success on the merits . . ." 484 F.3d at 839 (internal citations omitted).

Nor can Petitioner demonstrate irreparable harm. Petitioner describes the potential harm a stay would prevent as the risk he "could possibly be held beyond his parole eligibility date while awaiting a decision from this court . . ." ECF No. 2, PageID.18. But as explained above, Petitioner does not appear to be currently incarcerated. This status negates Petitioner's argument that he is at risk of being "held" or incarcerated beyond his potential minimum term while his habeas petition is pending in this Court. ECF No. 2, PageID.18.

Petitioner further asserts (without reference to any state court order or other evidence) that "the state court is postponing proceeding with the resentencing pending the outcome of these proceedings." *Id.*

This statement, if true, undermines Petitioner's need for a stay to *prevent* a resentencing.

As the first two *Workman* factors do not support Petitioner's case for a stay, it is not necessary for the Court to evaluate potential harm to the respondent or the public's interests. Petitioner is not entitled to a stay of the state court proceeding at this time.

## Conclusion and Order

For the foregoing reasons, Petitioner's motion for stay of his state sentence (ECF No. 2) is **DENIED WITHOUT PREJUDICE**.

Nothing in this opinion is intended to present a final adjudication on the merits of Petitioner's claims.

**IT IS SO ORDERED.**

Dated: September 7, 2022

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE