UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **KEONTE RASHAAD SADLER**, <br><br> Petitioner, <br> vs. <br><br> **HEIDI WASHINGTON**, <br><br> Respondent. | **2:22-CV-11521-TGB-CI** <br><br> **ORDER GRANTING PETITIONER'S MOTION TO WITHDRAW PETITION WITHOUT PREJUDICE (ECF NO. 12)** |

On July 6, 2022, Petitioner Keonte Rashaad Sadler filed through counsel an application for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges his jury trial convictions in the Genesee County Circuit Court for voluntary manslaughter; being a felon in possession of a firearm; and two counts of possession of a firearm during the commission of a felony. Respondent has filed an Answer and relevant Rule 5 materials. ECF Nos. 8, 9, 10, 11.

On March 13, 2023, Petitioner filed through counsel a motion to withdraw his habeas petition without prejudice pursuant to Federal Rule of Civil Procedure 41. ECF No. 12. For the reasons below, Petitioner's motion to withdraw is **GRANTED**. The petition is **DISMISSED without prejudice.**

1

## I.    BACKGROUND

Petitioner explains that on or about August 30, 2022, Petitioner was re-sentenced in the state trial court pursuant to an order of the Michigan Court of Appeals. *See People v. Sadler*, No. 346793, 2020 WL 6937066, at *17 (Mich. Ct. App. Nov. 24, 2020). The trial court entered an amended judgment of sentence on October 24, 2022. ECF No. 12, PageID.4966. Petitioner now explains that "he does not wish to pursue his petition . . . at the present time." *Id.* at PageID.4969. He notes that he retains a right to appeal his resentencing in the state courts, and his state court remedies have not been exhausted. *Id.* at PageID.4966. Respondent has not filed a response to Petitioner's motion to withdraw. Thus, the Court considers Petitioner's motion unopposed.

## II.    LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 41(a)(2), after an answer or motion for summary judgment has been filed, a plaintiff may voluntarily dismiss a suit "only by court order, on terms that the court considers proper." "[V]oluntary dismissal of a claim without prejudice leaves the situation as if the action had never been filed[.]" *Recker v. Newcourt Credit Grp., Inc.*, 126 F. App'x 226, 233 (6th Cir. 2005) (citing *Bowman v. Shawnee State Univ.*, 220 F.3d 456, 465 n.7 (6th Cir. 2000)). A decision to grant or deny a voluntary dismissal is committed to the sound discretion of the district court. *Walther v. Fla. Tile, Inc.*, 776 F. App'x 310, 315 (6th Cir. 2019). "[A]n abuse of discretion is found only

where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994).

"Rule 41(a) applies to habeas corpus proceedings." *Bey v. Hemingway*, No. 20-12029, 2020 WL 8617585, at *1 (E.D. Mich. Sept. 18, 2020) (collecting cases); *see also* Rule 12, Rules Governing Section 2254 Cases ("The Federal Rules of Civil Procedure . . . , to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."). In determining whether a habeas petitioner is entitled to dismiss his habeas petition voluntarily and without prejudice, federal courts must "ensure that the petitioner's ability to present claims of constitutional violations is not abridged merely because the petitioner has unwittingly fallen into a procedural trap created by the intricacies of habeas corpus law." *Clark v. Tansy*, 13 F.3d 1407, 1409 (10th Cir. 1993); *see also Cook v. N.Y. State Div. of Parole*, 321 F. 3d 274, 282 (2d Cir. 2003) (permitting a habeas petitioner to withdraw his petition to avoid unintentionally exhausting his right to petition for habeas relief on other grounds). Such concerns are lessened where, as here, a petitioner is represented by counsel.

### III.  ANALYSIS

The Court notes that a habeas petitioner should not be permitted to thwart the limitations on the filing of second or successive habeas

petitions "by withdrawing his first petition as soon as it becomes evident that the district court is going to dismiss it on the merits." *Felder v. McVicar*, 113 F.3d 696, 698 (7th Cir. 1997). However, unlike the habeas petitioner in *Felder*, Petitioner filed his motion to withdraw his habeas petition prior to any decision being rendered by the Court. There is thus no indication that Petitioner's motion to withdraw has been filed in bad faith. *See, e.g., Crumley v. Kowalski*, No. 17-12497, 2020 WL 5569796, at *2 (E.D. Mich. Sept. 17, 2020) (Drain, J.) (finding no bad faith when the petitioner's motion to voluntarily withdraw his habeas petition was filed before a decision on the merits); *Delazzer v. Perry*, No. 11-13613, 2012 WL 1584554, at *2 (E.D. Mich. May 4, 2012) (Lawson, J.) (same).

Petitioner's motion makes clear that he does not wish to pursue his habeas petition at present, but wishes to return to the state courts to exhaust additional claims that may have arisen a result of his recent resentencing. ECF No. 12, PageID.4966. Accordingly, the Court will permit Petitioner to withdraw his petition for a writ of habeas corpus. Because Petitioner is seeking to withdraw his habeas petition pursuant to Federal Rule of Civil Procedure 41(a)(2), the dismissal will be without prejudice.

## IV.   CONCLUSION

For the foregoing reasons, Petitioner's motion for withdrawal of his habeas petition (ECF No. 12) is **GRANTED.** The petition is **DISMISSED without prejudice**.

**IT IS SO ORDERED.**

Dated: April 30, 2023        s/Terrence G. Berg
                             TERRENCE G. BERG
                             UNITED STATES DISTRICT JUDGE